ELÍAS B. WILCOX, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 873.   Submitted November 7, 1932.—Decided November 30, 1932.

*H. Torres Solá* for appellant.   The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

There was presented for record in the registry of property mortgage deed No. 50, executed before Notary F. García Veve by Gabriel Capó, married, in favor of Elias B. Wilcox, covering a parcel of property which belonged to the separate estate of the husband, and containing the following clause: "Fifth: The debtor, for himself, his heirs and assigns, waives in favor of the creditor, his heirs and assigns, any and all right which he may have in the mortgaged lots above described in the nature of homestead, this waiver being extensive to any purchaser at foreclosure sale." The registrar recorded the deed but "subject to the curable defect that the homestead right was not also waived by the wife of the debtor."

Thereupon, the creditor took the present administrative appeal.

The precise question involved was decided adversely to the contention of the appellant herein by this Supreme Court, in *Ramírez v. Registrar,* 39 P.R.R. 245, where Mr. Justice Hutchison, speaking for the majority of the Court, said:

"We need not determine at this time whether or not a wife in Porto Rico has a vested interest or estate of homestead in the sepa-

rate property of her husband, when such property is occupied by the family as a residence.

"The instrument contemplated by section 3, *supra,* is a release, waiver or conveyance executed by both spouses. The words, 'his or her wife or husband, if he or she have one,' can hardly be regarded as equivalent to or intended to mean 'the surviving spouse, if any.' A householder upon departing this life may leave a surviving spouse, but he can not 'have one.' Nor is the surviving spouse 'his or her wife or husband.' What the law requires is an instrument executed 'by such householder' and 'his or her wife or husband, if he or she have one.'

"Such a construction is in harmony with the general spirit and purpose of the homestead law. It is also in keeping with what probably was the prototype of section 3. 29 C. J., page 785, par. 7; Id., page 884, par. 256 *et seq.*"

Appellant's brief contains no new argument or citation of law or authority to show why the above doctrine should not be followed and maintained, as it was followed and maintained by the registrar.

The decision must be affirmed.

Mr. Justice Aldrey dissented.